If any one of the four references to wealth had been the only reference to Dr. Bennett's wealth made during closing argument, I would have declined to hold that the trial court abused its discretion in denying a new trial. See L.W. Johnson Associates v. Rivers Construction Co., 532 So.2d 618, 624-25
(Ala. 1995). Control of the argument of counsel is largely within the discretion of the trial judge, who can observe the demeanor of counsel, hear and consider a remark in the context of the whole argument, and witness the effect upon the jury. We reverse only when there is an abuse of discretion that results in substantial prejudice. The trial judge is better able than we to determine whether a remark prejudiced the jury. However, there were four improper references to the wealth of the defendant doctor — that he earned perhaps $600,000 a year, that he lived in Mountain Brook, that he had achieved a great education and made tremendous money, and that he drove a Mercedes-Benz automobile. I am persuaded that permitting the plaintiff's counsel to continue this line of argument was an abuse of discretion that prejudiced Dr. Bennett.